UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LAMONT BROUSSARD,<br><br>    Plaintiff,<br><br>  v.<br><br>PIERCE COUNTY JAIL *et al.*,<br><br>    Defendants. | Case No. C04-5620RJB<br><br>REPORT AND RECOMMENDATION<br><br>**NOTED FOR:**<br>**JUNE 24TH, 2005** |

    This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4. Plaintiff has been granted leave to proceed *in forma pauperis.*

    Before the court are plaintiff's motion for default, (Dkt. # 22), defendants motion to dismiss, (Dkt. # 27), and plaintiff's motion to amend the complaint. (Dkt. # 31).

<u>PROCEDURAL HISTORY AND FACTS</u>

    This action was filed in September of 2004. Plaintiff alleges that while he was housed in the Pierce County Jail he experienced extreme stomach pain, inability or problems defecating, and had a lump in his abdomen . (Dkt. # 5). He alleges the lump was visible to the untrained eye. Plaintiff

REPORT AND RECOMMENDATION

indicates he requested medical attention repeatedly over a four month time frame and that he was in constant pain during this time. Although he was seen repeatedly his symptoms were not treated with anything other than aspirin and laxatives. (Dkt. # 5).

Plaintiff alleges that after four months he was lucky to get a nurse who does not normally work jails. That health provider examined plaintiff and had him transferred to a local hospital for evaluation. During that evaluation medical staff at the hospital determined plaintiff had "Chrons" disease. Plaintiff described the disease as a conflict between the digestive system and the immune system. Plaintiff explains the lump in his abdomen was a non cancerous but life threatening tumor obstructing his bowels. (Dkt. # 5). Plaintiff indicates he underwent surgery and the tumor and 1 foot of intestine were removed. Plaintiff indicates staff at the hospital told him the combination of the tumor and Chrons would have been fatal if left untreated. (Dkt. # 5).

Plaintiff alleges that on visits to the medical staff at the jail over the last 4 months he had been told to "quit faking", "stop bellyaching", and that the lump in his abdomen was nothing. (Dkt. # 5). Plaintiff alleges he plead with medical staff at the jail to be taken to a hospital and his requests were "cruely" (sic) disregarded. (Dkt. # 5). Plaintiff also indicates his complaints of pain were "blatantly disregarded." (Dkt. # 5).

Plaintiff alleges a violation of his Eighth Amendment right to be free from Cruel and Unusual punishment and claims medical staff ignored the facts of his case. He asks to be compensated for the four months of pain and the denial of adequate medical treatment.

Plaintiff provided service documents and in November of 2004 the court ordered the Marshals Service to attempt service by mail. On December 1st, 2004 defendants appeared in this action. (Dkt. # 12). Over the next 100 days there was no action in this case other than inquires from the plaintiff. (Dkt. # 15 to 18). The court entered an order to show cause as it is plaintiff's duty to prosecute the action. (Dkt. # 19).

Between March 14 and March 21st, 2005 plaintiff asked for release of medical records and moved for default. (Dkt. # 21 and 22). Plaintiff had not served his motion for default on counsel

REPORT AND RECOMMENDATION

despite the fact that counsel had appeared. On April 8th, 2005 the court ordered the clerks office to serve a copy of the motion for default and re-noted the motion for default for April 29th, 2005.

On April 15th, 2005 the defendant moved to dismiss and answered the motion for default. (Dkt. # 27). In the motion to dismiss defendants argue this is an action for inadequate medical care/ misdiagnosis. (Dkt. # 27, page 2). Defendants argue default is not warranted and that the claims in the complaint are factually and legally insufficient. (Dkt. # 27, page 2). Defendants then attempt to characterize the complaint as being an action for medical malpractice. Counsel for defendant acknowledges that there has been an "unacceptable" delay in this case and accepts responsibility for that delay. (Dkt. # 27 page 5).

Apparently in response to the motion to dismiss plaintiff has asked for leave to file an amended complaint. (Dkt. # 31).

## DISCUSSION

A. <u>Default</u>.

The Federal Rules of Civil Procedure require defendants to answer a complaint within twenty (20) days from the date being served with the summons and complaint, or if service of the summons was timely waived, within sixty (60) days after the date when the request for waiver was sent. Fed. R. Civ. P. 12(a). If a defendant fails to respond within that time, a default judgment may be entered. <u>Benny v. Pipes</u>, 799 F.2d 489, 492 (9th Cir. 1986), *cert. denied*, 108 S.Ct. 198 (1987).

In this case, two defendants acknowledged receipt of the complaint and summons on November 29th, 2004 and a notice of appearance was entered by all defendants on December 1st, 2004. (Dkt. # 12 to 14). An answer or dispositive pleading was due by the end of January 2005 at the latest. Nothing was received until April 15th, 2005. The defendants were in default. However that condition was cured by the filing of a motion to dismiss on April 15th, 2005. Default judgments are generally disfavored and the court prefers a decision on the merits, <u>In re Hammer</u>, 940 F.2d 524, 525 (9th Cir. 1991).

The court admonishes counsel for the lack of diligence in this case and warns that further

REPORT AND RECOMMENDATION

1

2  conduct of this nature may result in sanctions.  As defendants have filed a motion to dismiss the

3  motion for default should be **DENIED WITHOUT PREJUDICE**.

4            B.    <u>Dismissal</u>.

5       A court should dismiss a claim under Fed.R.Civ.P. 12(b)(6) if it appears beyond doubt that

6  the plaintiff can prove no set of facts to support the claim that would entitle the plaintiff to relief.

7  <u>Keniston v. Roberts</u>, 717 F.2d 1295, 1300 (9th Cir. 1983), <u>citing</u>; <u>Conley v. Gibson</u>, 355 U.S. 41,

8  45-56 (1957).  Dismissal for failure to state a claim may be based on either the lack of a cognizable

9  legal theory or the absence of sufficient facts alleged under a cognizable legal theory.  <u>Balistreri v.</u>

10 <u>Pacifica Police Department</u>, 901 F.2d 696, 699 (9th Cir. 1990).  Material allegations are taken as

11 admitted and the complaint is construed in the plaintiff's favor.  <u>Keniston v. Roberts</u>, 717 F.2d 1295

12 (9th Cir. 1983).  However, a plaintiff must plead factual allegations with specificity; vague and

13 conclusory allegations fail to state a claim for relief.  <u>Colburn v. Upper Darby Township</u>, 838 F.2d

14 663, 666 (3rd Cir. 1988).

15      Contrary to defendants contentions the court finds two viable legal theories are set forth by

16 the facts in the complaint.  The first is a claim regarding conditions of confinement.  Plaintiff claims

17 that for four months he was forced to live in constant pain because of inadequate medical care.  He

18 claims he lost weight and had other objective symptoms and was suffering from a life threatening

19 illness.  The second claim is that medical staff at the jail ignored his complaints of pain and despite

20 objective symptoms which included a lump in his abdomen and an inability to defecate he received

21 only cursory medical treatment.  He specifically alleges the defendants were indifferent to his pain

22 and ignored his pleas for medical care.  (Dkt. # 5).

23      The government has an obligation to provide medical care for prisoners, and the Eighth

24 Amendment proscribes deliberate indifference to their serious medical needs.  <u>Estelle v. Gamble</u>, 429

25 U.S. 97 (1976).  Such conduct is actionable under 42 U.S.C. § 1983.  <u>McGuckin v. Smith</u>, 974 F.2d

26 1050, 1059 (9th Cir. 1992)(reversed on other grounds by <u>WMX Technologies, Inc. v. Miller</u>, 104

27 F.3d 1133, (9th Cir. 1997)).

28 REPORT AND RECOMMENDATION

1

2   To establish deliberate indifference, a prisoner must show that a defendant purposefully
3   ignored or failed to respond to the prisoner's pain or possible medical need. McGuckin, 974 F.2d at
4   1060; Estelle, 429 U.S. at 104. A determination of deliberate indifference involves an examination
5   of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's
6   response to that need. McGuckin, 974 F.2d at 1059. A serious medical need exists if the failure to
7   treat a prisoner's condition could result in further significant injury or the unnecessary and wanton
8   infliction of pain. Id. Plaintiff has met the burden of pleading a viable action.

9   Given the facts plead the court does not conclude it is beyond doubt that the plaintiff can
10  prove no set of facts to support the claim that would entitle the plaintiff to relief. The motion to
11  dismiss should be **DENIED.**

12  Pursuant to Fed. R. Civ. P. 12 (a)(4)(A) defendants should have 10 days after an order
13  adopting or rejecting this Report and Recommendation is filed to file answer or other pleading as
14  allowed by the rules of civil procedure.

15  C.   Amendment of the complaint.

16  Plaintiff asks for leave of court to amend the complaint. A motion to dismiss is not
17  considered a responsive pleading. Thus, defendants have not responded to the original complaint.
18  Fed. R. Civ. P. 15 (a) gives the plaintiff a right to amend the complaint if he wishes to do so and he
19  does not need the courts permission at this stage of the proceedings. If an amended complaint is
20  filed plaintiff is warned that it will completely replace the original complaint in this action. Plaintiff is
21  reminded that copies of any document he files needs to be served on opposing counsel.

22                                           CONCLUSION

23  Plaintiff's motion for default should be **DENIED WITHOUT PREJUDICE** as a motion to
24  dismiss is pending. The motion to dismiss should be **DENIED**. Plaintiff does not need the courts
25  permission to file an amended complaint before an anser is filed. A proposed order accompanies this
26  Report and Recommendation.

27  Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the
28  REPORT AND RECOMMENDATION

1
2  parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed.
3  R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of
4  appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule
5  72(b), the clerk is directed to set the matter for consideration on **June 24th, 2005**, as noted in the
6  caption.
7
8
9              DATED this 20th day of May, 2005.
10
11
12
                            /S/ *J. Kelley Arnold*
13                          J. Kelley Arnold
                            United States Magistrate Judge
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28 REPORT AND RECOMMENDATION