UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LAMONT BROUSSARD,<br><br>    Plaintiff,<br><br>    v.<br><br>PIERCE COUNTY JAIL *et al.*,<br><br>    Defendants. | Case No. C04-5620RJB<br><br>REPORT AND RECOMMENDATION<br><br>**NOTED FOR:**<br>**MARCH 10th, 2006** |

This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4. Plaintiff has been granted leave to proceed *in forma pauperis.*

Before the court are defendant's motion for summary judgment, and plaintiff's motion for voluntary non-suit. (Dkt. # 55 and 59).

PROCEDURAL HISTORY AND FACTS

This action was filed in September of 2004. Plaintiff alleges that while he was housed in the Pierce County Jail he experienced extreme stomach pain, inability or problems defecating, and had a lump in his abdomen . (Dkt. # 5). He alleges the lump was visible to the untrained eye. Plaintiff

REPORT AND RECOMMENDATION -1

indicates he requested medical attention repeatedly over a four month time frame and that he was in constant pain during this time. Although he was seen repeatedly his symptoms were not treated with anything other than aspirin and laxatives. (Dkt. # 5).

Plaintiff alleges that after four months he was lucky to get a nurse who does not normally work jails. That health provider examined plaintiff and had him transferred to a local hospital for evaluation. During that evaluation medical staff at the hospital determined plaintiff had "Chrons" disease. Plaintiff described the disease as a conflict between the digestive system and the immune system. Plaintiff explains the lump in his abdomen was a non cancerous but life threatening tumor obstructing his bowels. (Dkt. # 5). Plaintiff indicates he underwent surgery and the tumor and one foot of intestine were removed. Plaintiff indicates staff at the hospital told him the combination of the tumor and Chrons would have been fatal if left untreated. (Dkt. # 5).

Plaintiff alleges that on visits to the medical staff at the jail over the last 4 months he had been told to "quit faking", "stop bellyaching", and that the lump in his abdomen was nothing. (Dkt. # 5). Plaintiff alleges he plead with medical staff at the jail to be taken to a hospital and his requests were "cruely" (sic) disregarded. (Dkt. # 5). Plaintiff also indicates his complaints of pain were "blatantly disregarded." (Dkt. # 5).

Plaintiff alleges a violation of his Eighth Amendment right to be free from Cruel and Unusual punishment and claims medical staff ignored the facts of his case. He asks to be compensated for the four months of pain and the denial of adequate medical treatment.

Defendant's in the summary judgment motion and supporting documentation present the court with a very different picture. Plaintiff has been repeatedly incarcerated at the county jail and there are medical records from as far back as 1997. The medical records show plaintiff having been diagnosed as having Gastro Esophageal Reflex Disease, GERD, over ten years ago. (Dkt. # 55-3).

During the incarceration that is the subject of this action he first complained of abdominal pain on September 23rd, 2003. (Dkt. # 55-3, page 17). Contrary to plaintiff's assertions the examination did not reveal a lump. He was seen again on February 24th, 2004 and his chief complaint was abdominal cramps and pain and acid reflux. (Dkt. # 55-3, page 19). During this examination

REPORT AND RECOMMENDATION -2

plaintiff indicated treatment with Zantac controlled his symptoms. (Dkt. # 55-3, page 19). Examination did not reveal any lumps or masses. He was treated with Zantac and given a soft diet. Further, he was told to follow up if his symptoms did not improve.

The court cannot determine the month for next medical entry. (Dkt. # 55-3 page 21). Plaintiff alleges he had been having abdominal pain for 45 days and had not had a bowel movement for 4 days. The examination was unremarkable except for pain on palpation in the lower right quadrant. (Dkt. # 55-3, page 21). The entry shows medical personnel taking a very complete history and based on the assessment determining plaintiff was suffering from constipation. The plaintiff was treated, told to increase his water intake, and told to return if his pain increased or he started to vomit. Unit staff were also notified.

On March 10th, 2004 plaintiff was seen again. The medical record indicates he had been seen on February 26th, and March 1st. Plaintiff indicated pain for one month. The pain is referred to as both intermittent and constant. (Dkt. # 55-4 page 1 of 19). Again examination did not reveal any lump of masses. Lab tests and x-rays were ordered. and a followup appointment scheduled for two days later. Plaintiff refused to allow a rectal-exam at this appointment. (Dkt. # 55-4 page 1 of 19).

On March 12th, 2004 plaintiff indicated his abdominal pain was resolved. (Dkt. # 55-4 page 3 of 19). During the month of April plaintiff was seen and treated for other conditions and did not complain of abdominal pain. (Dkt. # 55-4 pages 4 to 6). In one follow up April visit plaintiff indicated his abdominal pain was much improved but that there was still discomfort. (Dkt. # 55-4 page 6).

Plaintiff was treated for other conditions during April of 2004 without complaint about his abdomen. On May 12th he again sought medical treatment for abdominal pain and the pain was described as mild in the lower left quadrant on deep palpation. No masses lumps of distending of the abdomen were found. (Dkt. # 55-4, page 10). Plaintiff was not vomiting, not nauseated, and did not have a fever. Plaintiff was again treated and released. On the May 21st he was again seen and treated and a followup appointment was scheduled for June 10th, 2004. (Dkt. # 55-4 page 11). Again, there were no objective symptoms noted and no vomiting, fever, or other symptoms were noted.

REPORT AND RECOMMENDATION -3

Plaintiff was repeatedly seen and treated, and on June 10th, 2004 he indicated his constipation was resolved. (Dkt. # 55-4 page 13). Two days later plaintiff returned indicating he had been vomiting and had been in pain for 24 hours. For the first time there were objective symptoms, a temperature of 100.9 degrees and vomiting. Further, the examination noted plaintiff to be in "obvious distress". (Dkt. # 55-4 page 13). Plaintiff was transported to an Emergency Room for treatment.

At the hospital plaintiff indicated to treatment staff that he had been having "quite mild abdominal pain for the last five months." For two days the pain had been severe. A cat scan revealed "ascending colon changes suggestive of colitis." (Dkt. # 55-6 page 3). Further tests were ordered including a second cat scan and x-rays. After reviewing those tests medical personnel believed they were dealing with colitis but a colonoscopy was ordered.

The colonoscopy revealed a mass in the intestines and that mass was surgically removed. It was only after testing of the removed tissue that a diagnosis of Crohn's disease was made. That diagnoses was made some time between June 14th and June 18th, 2004. (Dkt. # 55-4 page 13 and 55-6 page16). Plaintiff does not make complaint about his post operative care.

In response to defendant's motion for summary judgement plaintiff, through counsel, moves for voluntary non-suit without prejudice for lack of jurisdiction. (Dkt. # 59). Counsel attempts to enter a limited appearance solely to make this motion. Counsel argues that no tort claim was ever filed under state law as required by RCW 4.96.020. (Dkt. # 59). Defendants oppose dismissal without prejudice. (Dkt. # 61 and 62).

## DISCUSSION

A.  <u>Jurisdiction</u>.

Plaintiff's motion argues the court lacks jurisdiction. When jurisdiction is challenged it is proper to deal with that issue first. RCW 4.96.020 precludes any action for damages based on tort law from being filed against the state or local government entities in state court until 60 days after a tort claim has been filed.

This action has been commenced under 42 U. S. C. § 1983. The claim is not based on state

REPORT AND RECOMMENDATION -4

1  tort law. The claim is an allegation that the defendants violated plaintiff's Eighth Amendment right
2  to be free from cruel and unusual punishment by failing to provide adequate medical treatment. The
3  action is filed in federal district court, not state court.
4        The courts jurisdiction to entertain this claim is not based on state law and is not affected by
5  RCW 4.96.020. The court had jurisdiction to hear this claim.
6        B.    <u>Motion for non suit</u>.
7        Plaintiff may file a notice of non suit pursuant to Fed. R. Civ. P. 41 (a)(1) any time before the
8  filing of an answer or motion for summary judgement. Here a motion for summary judgment was
9  pending when the motion to dismiss was filed. Therefore, plaintiff's motion must be filed under Fed.
10 R.. Civ. P. 41 (a)(2).
11       Fed. R. Civ P. 41 (a)(2) gives the court discretion and the court may dismiss on "just terms."
12 Here, the case has been pending for over one year and the parties have engaged in discovery.
13 Further, the motion was filed only after the defendants filed a well plead motion for summary
14 judgement. The motion to dismiss without prejudice should be **DENIED.**
15       C.    <u>Summary judgement</u>.
16       Pursuant to Fed. R. Civ. P. 56 (c), the court may grant summary judgment "if the pleadings,
17 depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show
18 that there is no genuine issue of material fact and that the moving party is entitled to judgment as a
19 matter of law." Fed. R. Civ. P. 56 (c). The moving party is entitled to judgment as a matter of law
20 when the nonmoving party fails to make a sufficient showing on an essential element of a claim on
21 which the nonmoving party has the burden of proof. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323
22 (1985).
23       There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a
24 rational trier of fact to find for the nonmoving party. <u>Matsushita Elec. Indus. Co. v. Zenith Radio</u>
25 <u>Corp</u>., 475 U.S. 574, 586 (1986)(nonmoving party must present specific, significant probative
26 evidence, not simply "some metaphysical doubt."). <u>See also</u> Fed. R. Civ. P. 56 (e). Conversely, a
27 genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed
28 REPORT AND RECOMMENDATION -5

factual dispute, requiring a judge or jury to resolve the differing versions of the truth.  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 253 (1986); <u>T. W. Elec. Service Inc. v. Pacific Electrical Contractors Association</u>, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question.  The court must consider the substantive evidentiary burden that the nonmoving party must meet at trial, e.g. the preponderance of the evidence in most civil cases.  <u>Anderson</u>, 477 U.S. at 254; <u>T.W. Elec. Service Inc.</u>, 809 F.2d at 630.  The court must resolve any factual dispute or controversy in favor of the nonmoving party only when the facts specifically attested by the party contradicts facts specifically attested by the moving party. <u>Id</u>.

The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in hopes that evidence can be developed at trial to support the claim.  <u>T.W. Elec. Service Inc.</u>, 809 F.2d at 630(relying on <u>Anderson</u>, *supra*).  Conclusory, nonspecific statements in affidavits are not sufficient, and "missing facts" will not be "presumed."  <u>Lujan v. National Wildlife Federation</u>, 497 U.S. 871, 888-89 (1990).

The court must liberally construe plaintiff's pleadings because he is acting pro se.  However, there are limits as to how far the court may go in construing a complaint.  The court cannot add facts to a complaint that have not been plead and cannot supply essential elements to a complaint that the plaintiff has failed to plead.  <u>Pena v. Gardner</u>, 976 F.2d 469 (9th Cir. 1992).

Plaintiff was specifically informed:

> If a motion for summary judgment is filed, it is important for the opposing party to note the following:
>
> A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.  Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, **you must set out specific facts in declarations, deposition, answers to interrogatories, or**

REPORT AND RECOMMENDATION -6

> **authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment , if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial**.
>
> Rand v. Rowland, 154 F.3d 952, 962-963 (9th Cir. 1998)(emphasis added). Furthermore, Local Rule CR 7(b)(4) states that a party's failure to file necessary documents in opposition to a motion for summary judgment may be deemed by the court to be an admission that the opposition is without merit.

(Dkt. # 37 Page 2).

Defendants have placed before the court the medical record in this case. The record directly contradicts plaintiff's allegations that he had a lump clearly visible to the untrained eye and was in constant pain. Indeed, the record reflects plaintiff himself indicating on at least two occasions that his symptoms had resolved. Further, the record shows plaintiff being treated for a number of other conditions without complaint about abdominal pain. (Dkt. # 55).

The government has an obligation to provide medical care for prisoners, and the Eighth Amendment proscribes deliberate indifference to their serious medical needs. Estelle v. Gamble, 429 U.S. 97 (1976), Such conduct is actionable under 42 U.S.C. § 1983. McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992).

In order to establish deliberate indifference there must first be a purposeful act or failure to act on the part of the defendant. McGuckin, at 1060. A difference of opinion between a prisoner and medical authorities regarding proper medical treatment does not give rise to a section 1983 claim. Franklin v. Oregon, State Welfare Div., 662 F.2d 1337, 1344 (9th Cir. 1981). Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights. Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988). Further, a prisoner can make no claim for deliberate medical indifference unless the denial was harmful. McGuckin, at 1060; Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985).

Plaintiff was repeatedly seen and his symptoms were treated. Further, when he was observed

REPORT AND RECOMMENDATION -7

to have objective symptoms he was transported to an emergency room for treatment without delay. Plaintiff has failed to come forward with any evidence to show deliberate indifference and his Eighth Amendment claim fails.

Having reached this conclusion the court does not address other arguments raised by counsel. The motion for summary judgement should be **GRANTED.** A proposed order accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **March 17th, 2006**, as noted in the caption.

DATED this 16th day of February, 2006.

/S/ *J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge

REPORT AND RECOMMENDATION -8